**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MELISSA HALL,**

      **Plaintiff,**               Case No.:

**v.**

**OPTION CARE ENTERPRISES, INC.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MELISSA HALL, by and through her undersigned counsel and sues the Defendant, OPTION CARE ENTERPRISES, INC., and states as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367.

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3.     Plaintiff, MELISSA HALL, is an adult resident of Hillsborough County, Florida.  At all times material, Plaintiff was an employee of Defendant within the meaning of the Family and Medical Leave Act.

4.     Defendant, OPTION CARE ENTERPRISES, INC., was and is a Foreign Profit Corporation, authorized and doing business in this Judicial District. At all times material, Defendant employed Plaintiff. At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Family and Medical Leave Act.

**GENERAL ALLEGATIONS**

5.     At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6.     At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7.     Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8.     Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

9. Melissa Hall ("Plaintiff") was employed by Option Care ("Defendant") from July 27, 2010, through February 5, 2026, most recently as a Lead Intake Coordinator working approximately forty (40) hours per week.

10. Defendant employed well over fifty (50) employees and is a covered employer under the Family and Medical Leave Act ("FMLA").

11. Plaintiff worked for Defendant for over fifteen (15) years and had worked well in excess of 1,250 hours in the twelve months preceding her termination, making her an eligible employee under the FMLA.

12. In or about September 2025, Plaintiff was written up for alleged discrepancies between the time she clocked in and the time she logged into her computer system.

13. Plaintiff explained she was working on department materials, including intake "cheat sheets," before her shift and that her login time did not accurately reflect her working time.

14. On January 7, 2026, Plaintiff participated in a call with her manager, Wendy Hobluski, and Human Resources representative Erica (last name unknown), regarding alleged "gaps in work" based on a report pulled from CPR, a system that was not the department's primary system.

15.    Plaintiff explained that CPR was not the primary work system used for intake operations and that she utilized multiple systems throughout her shift.

16.    The alleged "gaps" were different from the prior write-up and reflected a shifting basis for discipline.

17.    On or about January 7, 2026, Plaintiff initiated the FMLA application process through Unum due to serious health conditions, including diabetes and migraines.

18.    Plaintiff's FMLA paperwork was transmitted to her physician and Defendant was notified that Plaintiff had applied for FMLA leave.

19.    On January 8, 2026, Plaintiff used a sick day in connection with her medical condition.

20.    On January 11, 2026, Plaintiff submitted a formal complaint to Human Resources, stating she felt she was being singled out and treated differently than other employees who engaged in more serious attendance or policy violations but were not disciplined.

21.    Plaintiff specifically reported that other employees engaged in "no call, no show" conduct and repeated attendance violations without consequence.

22.    On January 14, 2026, Plaintiff attended a meeting with HR regarding her complaint and was told retaliation would not be tolerated.

23.     On February 3, 2026, HR informed Plaintiff that her complaint was closed due to lack of confirmed evidence but again assured her she would not be retaliated against.

24.     On February 4, 2026, Plaintiff received written confirmation from Unum that her FMLA leave was approved retroactively from January 8, 2026, through July 7, 2026, to be used as medically necessary.

25.     On that same day, February 4, 2026, Plaintiff was placed on paid suspension based on alleged "new findings" that Defendant refused to disclose. Defendant had knowledge of Plaintiff's request for and approved FMLA leave before suspending and terminating Plaintiff.

26.     Defendant told Plaintiff that something had arisen in the "past few days," but did not provide any details.

27.     On February 5, 2026, Plaintiff was terminated via telephone and told the reason was "time gaps."

28.     Defendant dismissed Plaintiff's explanation that she maintained a detailed log accounting for her work time.

29.     The termination occurred one day after Plaintiff's FMLA approval and less than one month after she initiated the FMLA process.

30.     The timing of Plaintiff's suspension and termination in immediate proximity to her FMLA approval establishes a causal connection.

31. Defendant interfered with Plaintiff's rights under the FMLA by suspending and terminating her after she requested and was approved for protected leave.

32. Defendant retaliated against Plaintiff for exercising her rights under the FMLA by placing her on suspension and terminating her employment.

33. Defendant's stated reason for termination was pretextual, as the alleged time discrepancies had been previously addressed and no new misconduct was disclosed to Plaintiff.

34. As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages, lost benefits, and other damages.

35. Defendant's actions were intentional and in reckless disregard of Plaintiff's rights under the FMLA.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

36. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 35.

37. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

38. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250

hours of service for the Defendant during twelve (12) months immediately preceding her eligible FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

39.　Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

40.　Plaintiff suffered from a serious health condition within the meaning of the FMLA.

41.　Defendant interfered with Plaintiff's lawful exercise of her FMLA rights by terminating her employment on February 5, 2026, one day after her FMLA leave was approved and while her approved leave period was in effect, thereby preventing Plaintiff from exercising and taking the full benefit of her FMLA-protected leave.

42.　Defendant's actions constitute violations of the FMLA.

43.　As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.　Back pay and benefits;

    b.　Prejudgment interest on back pay and benefits;

    c.　Front pay and benefits;

    d.　Liquidated damages;

e.    Attorneys' fees and costs;

f.    Injunctive relief; and

g.    For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT -- RETALIATION

44.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 35.

45.    Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for FMLA leave was a substantial or motivating factor that prompted Defendant to take adverse employment actions against Plaintiff, including terminating Plaintiff's employment.

46.    Defendant's actions constitute violations of the FMLA.

47.    As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.    Back pay and benefits;

b.    Prejudgment interest on back pay and benefits;

c.    Front pay and benefits;

d.    Liquidated damages;

e.    Attorneys' fees and costs;

f.      Injunctive relief; and

g.      For any other relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

48.      Plaintiff, MELISSA HALL, demands a trial by jury on all issues so triable.

**DATED** this 22nd day of May, 2026.

**FLORIN | GRAY**

*Troy E. Longman, II*_____
**TROY E. LONGMAN, II, ESQUIRE**
Florida Bar No.: 1031921
tlongman@floringray.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*